# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SELENA DUNSON,

      Plaintiff,      :      Case No. 3:10-cv-441

                                          District Judge Walter Herbert Rice
    -vs-                                Magistrate Judge Michael R. Merz

                                         :

HOOVEN-DAYTON CORP,

      Defendant.

## REPORT AND RECOMMENDATIONS

This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>     (I) is frivolous or malicious;
>     (ii) fails to state a claim upon which relief can be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an

objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984).  The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985). §1915(e)(2) does not apply to the complaint of a non-prisoner litigant who does not seek *in forma pauperis* status.  *Benson v. O'Brian,* 179 F.3d 1014 (6th Cir. 1999).  Filing an *in forma pauperis* application tolls the statute of limitations.  *Powell v. Jacor Communications Corporate,* 320 F.3d 599 (6th Cir. 2003)(diversity cases); *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998)(federal question cases).

Plaintiff's Complaint has three claims for relief: race discrimination in employment in violation of Title VII of the 1964 Civil Rights Act, and both negligent and intentional infliction of emotional distress in violation of Ohio common law.

No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of an EEOC or OCRC charge.  42 U.S.C. §2000e-5(f)(1); *United Air Lines v. Evans,* 431 U.S. 553 (1977); *Pauling v. Secretary of the Dep't of the Interior,* 160 F.3d 133 (2nd Cir. 1998); *Puckett v. Tennessee Eastman Co.*, 889 F. 2nd 1481, 1486 (6th Cir. 1989).

> In order for federal courts to have subject matter jurisdiction of Title VII claims, the claimant must first unsuccessfully pursue administrative relief. *Love v. Pullman Co.*, 404 U.S. 522, 30 L. Ed. 2d 679, 92 S. Ct. 616 (1972). Courts have thus held that if the

claimant did not first present a claim to the Equal Employment Opportunity Commission (EEOC), that claim may not be brought before the court. *Lowe*, 775 F.2d at 998; *Jackson v. Ohio Bell Telephone Co.*, 555 F. Supp. 80 (S.D. Ohio 1982).

*Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991). Thus is the absence of completed administrative proceedings before the EEOC or the OCRC, this Court lacks subject matter jurisdiction over Plaintiff's First Cause of Action. Of course, if Plaintiff has filed a charge and has received a Notice of Right to Sue, she can amend her Complaint to allege that and attached a copy of the Notice. But without that documentation, the Court cannot hear the First Cause of Action.

With respect to Plaintiff's Second Cause of Action, negligent infliction of emotional distress, the Court notes that this claim arise from the same set of background facts of racial discrimination in the workplace which Plaintiff has alleged as background facts. If Ohio law recognized such a cause of action, this Court would have jurisdiction over it under 28 U.S.C. § 1367, supplemental to its jurisdiction over the Title VII claim. A federal court exercising supplemental or diversity subject matter jurisdiction over state law claims must apply state substantive law to those claims. 28 U.S.C. §1652; *Gasperini v. Center for Humanities, Inc.*, 528 U.S. 415, 427, n. 7 (1996); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), overruling *Swift v. Tyson*, 41 U.S. 1 (1841)(Story, J., holding that "the laws of the several states" in the Judiciary Act of 1789 means only the statutory law of the States). However, recovery for the tort of negligent infliction of emotional distress is limited to such instances as where one was a bystander to an accident or was in fear of physical consequences to his own person and where a plaintiff's claim does not arise out of such circumstances, the plaintiff fails to state a claim for negligent infliction of emotional distress. *High v. Howard,* 64 Ohio St.3d 82, 592 N.E. 2d 818 (1992), *overruled on other grounds, Gallimore v. Children's Hospital Medical Center,* 67 Ohio St.3d 244 (1993); *Strawser v. Wright,* 80 Ohio App. 3d 751, 610 N.E. 2d 610 (Preble Cty. 1992). Ohio does not recognize a claim for negligent infliction of emotional distress

3

based on plaintiff's fear of a non-existent physical peril. *Heiner v. Moretuzzo*, 73 Ohio St. 3d 80, 652 N.E. 2d 664 (1995).

> To state a claim for negligent infliction of emotional distress under Ohio law, the plaintiff must allege that he was aware of real physical danger to himself or another. *See King v. Bogner*, 88 Ohio App. 3d 564, 624 N.E.2d 364, 367 (Ohio Ct. App. 1993); *see also Heiner v. Moretuzzo,* 73 Ohio St. 3d 80, 1995 Ohio 65, 652 N.E.2d 664, 669 (Ohio 1995) (Ohio courts have limited "recovery for negligent infliction of emotional distress to instances where the plaintiff has either witnessed or experienced a dangerous accident or appreciated the actual physical peril").

*Doe v. SexSearch.com*, 551 F.3d 412, 417 (6th Cir. Ohio 2008). In other words, Ohio does not recognize a tort for negligent infliction of emotional distress in the employment termination context. Plaintiff's Second Cause of Action should therefore be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Plaintiff's Third Cause of Action is for intentional infliction of emotional distress. Ohio does recognize the tort of intentional infliction of emotional distress, including in employment situations. *Yeager v. Local Union 20,* 6 Ohio St. 3d 369, 453 N.E. 2d 666 (1983). However, under 28 U.S.C. § 1367, a federal court is required to dismiss a state law claim supplemental to a federal claim when the federal claim has been dismissed. *Landefeld v. Marion General Hospital, Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Taylor v. First of America Bank-Wayne*, 973 F.2d 1284 (6th Cir. 1992); *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992).

**Conclusion**

Therefore it is respectfully recommended that Plaintiff's First Cause of Action be dismissed without prejudice for failure to exhaust administrative remedies at the OCRC or EEOC. Her Second Cause of Action should be dismissed with prejudice for failure to state a claim upon which relief can

be granted.  Her Third Cause of Action should be dismissed without prejudice because, without the Title VII claim, this Court will lack subject matter jurisdiction.

The Clerk is ordered not to issue process pending further order of the Court.

November 24, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).