# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SELENA DUNSON,

       Plaintiff,                :        Case No. 3:10-cv-441

    -vs-                                    Magistrate Judge Michael R. Merz

                                          :

HOOVEN-DAYTON CORP,

       Defendant.

## DECISION AND ORDER

This case is before the Court on Defendant's Motion to Compel Production of Employment Records (Doc. No. 27). Plaintiff, who is proceeding *pro se*, opposes the Motion (Doc. No. 32) and Defendant has filed a Reply in support (Doc. No. 33).

In this case Plaintiff Selena Dunson alleges racial discrimination in employment in violation of Title VII of the 1964 Civil Rights Act. She alleges in her Complaint that she never had any performance issues, terminations, or discipline from other employers. To test those allegations, Defendant has requested access to Plaintiff's employment records from employment both before she was hired at Hooven-Dayton and after she was terminated. In the instant Motion, Hooven-Dayton asserts that Ms. Dunson has refused to produce any documents she may have or to sign authorizations for Defendant's counsel to obtain the records directly from other employers.

In opposition, Ms. Dunson objects to Hooven-Dayton obtaining any information from her past or current employers. She believes that any knowledge on the part of her current employer that she is involved in a discrimination case could interfere with that employment and any knowledge by former employers of the case might interfere with her returning to work at any of those locations

1

should she choose to do so in the future. Instead, she offers a number of attached resumes and letters of recommendation from various prior supervisors. She has made it clear in her response that she has withdrawn the offer she made during her deposition to forego any claims to future lost wages in return for having Hooven-Dayton refrain from contacting her present employer.

The Court understands Plaintiff's concern that her present employer and any future potential employers, including those prior employers to whom she might want to return, may hesitate if they learn she has filed suit against Hooven-Dayton. However, the fact of her having sued Hooven-Dayton is a public fact, one which any person with access to the Internet can learn. Indeed, anyone who wishes to do so can view over the Internet all of the papers filed in this case because the Court has electronic filing and its files, unless sealed, are open to the public. On the other hand, because filing suit for racial discrimination is a protected activity, any employer which retaliated against Ms. Dunson for filing this suit would face potential liability itself for retaliation.

With those background facts in mind, the Court finds that the evidence sought to be obtained by Hooven-Dayton is relevant to the claims made in this case and is therefore discoverable. *Noble v. Ruby Tuesdays Restaurants, Inc.*, 2007 U.S. Dist. LEXIS 78924 (S.D. Ohio Oct. 23, 2007). Accordingly, it is hereby ORDERED that Plaintiff sign and deliver to Defendant's counsel completely executed authorizations for counsel to obtain Plaintiff's employment records from her present and her past employers within the last twenty years.[1]

Defendant's counsel are ordered to prepare, discuss with Ms. Dunson, and submit to the Court a proposed protective order which will prevent the use of any of these documents except in this litigation. Plaintiff's obligation to sign the authorizations is not contingent on agreement on such an order. Plaintiff is cautioned that failure to abide by this Order may result in sanctions,

---

[1] The Court limits the compelled production because employment records from beyond twenty years are likely to be difficult to obtain and are of marginal relevance to Plaintiff's performance in 2009.

including dismissal of her case.

February 24, 2012.

										s/ **Michael R. Merz**
										United States Magistrate Judge